**Abatement Order filed December 10, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-00844-CR
_____

### TYRONE BERRY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1019634**

## ABATEMENT ORDER

According to our records, appellant is not represented by counsel in this appeal from the trial court's order signed September 16, 2013, denying his motion for post-conviction DNA testing. Appellant has not filed a brief in this appeal. The record indicates that appellant may be entitled to the appointment of counsel on appeal. Accordingly, we issue the following order:

The judge of the 180th District Court shall determine whether appellant is indigent and entitled to appointment of counsel on appeal. If appellant is indigent,

the judge shall appoint appellate counsel and direct the clerk to file a supplemental clerk's record containing the order appointing counsel. If the court determines appellant is not entitled to appointed counsel, the court shall conduct a hearing to determine whether appellant desires to continue the appeal or has abandoned the appeal. If appellant desires to continue the appeal, the court shall determine a date certain when appellant's brief will be filed The judge shall see that a record of any hearing is made, shall make necessary findings of fact and conclusions of law, and shall order the trial clerk to forward a transcribed record of the hearing, or a videotape or compact disc, if any, containing a recording of the video teleconference, and a supplemental clerk's record containing the court's findings, conclusions, and/or orders. Those records shall be filed with the clerk of this court on or before **January 10, 2014.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental records are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion.

PER CURIAM

2